OPINION
{¶ 1} Cathi, Ryan, and Sydney Dosier, and Brittany Geary, plaintiffs-appellants (sometimes referred to collectively as "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by The Travelers Indemnity Company of America, The Travelers Indemnity Company of Illinois, The Travelers Indemnity Company, The Travelers Insurance Company, Travelers Property Casualty, The Phoenix Insurance Company, The Charter Oak Fire Insurance Company, and The Travelers Indemnity Company of Connecticut ("Travelers"), defendants-appellees.
 {¶ 2} On May 6, 2000, Cathi and her two children, Brittany and Sydney, were passengers in a vehicle operated by Roger Love. Love was pulling a trailer loaded with sod when he lost control of the vehicle and struck a tree. Love died as a result of the accident. Cathi, Brittany, and Sydney all sustained serious injuries. Ryan is Cathi's husband
 {¶ 3} Love had automobile insurance with Ohio Casualty. With the approval of Travelers, appellants settled with Ohio Casualty and released Love from liability. At the time of the accident, Cathi was employed by Metro Networks Communications, Inc., a subsidiary of Westwood One, Inc. ("Westwood One"), having been acquired in October 1999. Travelers insured Westwood One under several policies, although the parties disagree as to which, if any, apply. A business automobile policy issued by The Travelers Indemnity Company of Connecticut named the insured as "Westwood One, Inc. all wholly owned subsidiaries." A commercial automobile policy was also issued by Travelers Insurance Company, naming as the insured "Westwood One, Inc all wholly owned subsidiaries Westwood One Broadcast Services, Inc DBA Shadow Broadcast Services." The named insured was amended by endorsement in October 1999, adding "Metro Networks Communications, Inc." However, the Ohio uninsured motorist coverage endorsement was not sent with the policy due to an "oversight." A commercial excess liability policy was also issued by The Travelers Indemnity Company of Illinois. This policy had an uninsured motorist endorsement that purported to reject underinsured motorist coverage.
 {¶ 4} On April 20, 2001, appellants filed a complaint against numerous insurance companies, including the Travelers companies. Appellants sought coverage under the Travelers policies pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. Appellants subsequently dismissed various insurance company defendants, except the present appellees. On December 11, 2001, appellants filed a motion for partial summary judgment, arguing that they were entitled to coverage under Scott-Pontzer and Ezawa as to the business automobile policy, the commercial automobile policy, and the commercial excess liability policy issued by Travelers. Travelers filed a motion for summary judgment on January 25, 2002, claiming that California law applies to the insurance contracts at issue, and because California does not follow the precepts announced in Scott-Pontzer and Ezawa,
appellants are not entitled to coverage. On February 25, 2003, the trial court issued a decision granting the summary judgment motion of Travelers and denying appellants' summary judgment motion. The court determined that, California law applied to the insurance contracts, and no coverage existed for appellants because California law does not followScott-Pontzer and Ezawa. The trial court entered judgment on March 6, 2003. Appellants appeal the judgment of the trial court, asserting the following single assignment of error:
The Trial Court erred in granting Defendant Travelers' Motion for Summary Judgment and by overruling Plaintiffs' Motion for Summary Judgment.
 {¶ 5} Appellants argue in their assignment of error that the trial court erred in granting summary judgment to Travelers. Specifically, appellants claim the trial court erred in finding that California law, and not Ohio law, applies to the insurance contracts. Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion, which is adverse to the non-moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 6} In the present case, appellants' theory of recovery under all three Travelers policies depends upon the application of Ohio law, specifically Scott-Pontzer and Ezawa. Appellants do not claim entitlement to coverage under any other state's law or under any other legal theory recognized under Ohio law. Thus, for purposes of appeal, if we find appellants are not entitled to coverage under Scott-Pontzer and Ezawa, the issue of whether Ohio or California law applies is moot.
 {¶ 7} On November 5, 2003, after briefing and oral argument of this matter before this court, the Ohio Supreme Court decided Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, the Ohio Supreme Court limited the holding of Scott-Pontzer and overruled Ezawa.
In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id., at paragraph two of the syllabus. Paragraph three of the syllabus in Galatis provides, "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 8} In the present case, even assuming arguendo that Ohio law applies to the three Travelers policies at issue, Galatis precludes coverage for appellants. Cathi indicated in her affidavit attached to appellants' motion for partial summary judgment that, at the time of the accident, she was traveling in a truck owned by her friend, Love, and they were pulling a trailer loaded with sod for planting in her backyard. Thus, Cathi was not acting within the course and scope of her employment with Westwood One at the time of the accident, as paragraph two of the syllabus in Galatis requires for coverage. There is also no other "specific language to the contrary" in the policies that would otherwise give rise to coverage. See id. Therefore, Cathi's loss would not be covered under any of the three Travelers policies. Consequently, Ryan, Sydney, and Brittany also cannot recover. See id., at paragraph three of the syllabus. Accordingly, even if Ohio law applied to the insurance contracts, appellants would not be entitled to coverage under the Travelers policies pursuant to Galatis. Because appellants do not claim entitlement to coverage under any other legal theory, Travelers was entitled to summary judgment, albeit for reasons different from those cited by the trial court. The issue of whether the insurance contracts must apply Ohio or California law is, therefore, moot. For these reasons, appellants' assignment of error is overruled.
 {¶ 9} Accordingly, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Watson, JJ., concur.